HILLSBOROUGH COUNTY v. FRANK P. DAY.

163 So. 925.

Decision Filed August 29, 1935.

*Sutton, Tillman & Reeves,* for Appellant;

*Edwin R. Dickenson,* for Appellee.

PER CURIAM.—In this case the same legal questions and principles of law are involved which were involved and determined by this Court in the case of Hillsborough County, Florida, a political subdivision of the State of Florida, *et al.,* v. John F. DeSear and Mary DeSear, his wife. Therefore, the decree appealed from in this case should be affirmed on authority of the opinion and judgment in that case, filed July 1, 1935.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

HILLSBOROUGH COUNTY v. D. M. DUNCAN, *et al.*

163 So. 925.

Decision Filed August 29, 1935.

*Sutton, Tillman & Reeves,* for Appellant;

*Edwin R. Dickenson,* for Appellee.

PER CURIAM.—In this case the same legal questions and principles of law are involved which were involved and determined by this Court in the case of Hillsborough County,

Florida, a political subdivision of the State of Florida, *et al.,* v. John F. DeSear and Mary DeSear, his wife. Therefore, the decree appealed from in this case should be affirmed on authority of the opinion and judgment in that case, filed July 1, 1935.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

## LEE CLARK v. STATE.

163 So. 924.

Opinion Filed September 2, 1935.

*A. A. Fisher,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case writ of error brings for review a judgment of conviction of plaintiff in error of murder in the first degree. The verdict was without recommendation to mercy.

The only question presented for our consideration is whether or not the evidence was sufficient to sustain a judgment of murder in the first degree.

It is contended that there is not sufficient evidence of premeditated design to effect death to establish that element of the offense.

We have considered the testimony as presented in the record and find it amply sufficient to warrant the jury in reaching the conclusion indicated by the judgment.